UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA,                :

                                                       :           S2 10 Cr. 510 (CS)

              - v -                                    :

                                                      :

ANDREW BARTOK,
       a/k/a "Drew Bartok, "            :
KATHLEEN ADDARIO,
       a/k./a "Kathleen Kelly,"          :
       a/k/a "Kate Adams,"
       a/k/a "Kathy Adams,"              :
VERONICA TOBIN,
       a/k/a "Veronica Ann Tobin,"       :
       a/k/a "Veronica A. Tobin,"
       a/k/a "Veronica Jackson,"         :

                  Defendants.
------------------------------------------------------------------x

# GOVERNMENT'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTIONS FOR A BILL OF PARTICULARS

                                                           PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York,
                                        Attorney for the United States
                                                of America

JOHN P. COLLINS, JR.
Assistant United States Attorneys

    - of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x
                                           :
UNITED STATES OF AMERICA                   :
                                           :
       - v. -                              :
                                           :  S2 10 Cr. 510 (CS)
ANDREW BARTOK,                             :
       a/k/a "Drew Bartok,"                :
KATHLEEN ADDARIO,                          :
       a/k/a "Kathleen Kelly,"             :
       a/k/a "Kate Adams,"                 :
       a/k/a "Kathy Adams,"                :
VERONICA TOBIN,                            :
       a/k/a "Veronica Ann Tobin,"         :
       a/k/a "Veronica A. Tobin,"          :
       a/k/a "Veronica Jackson,"           :
                                           :
                        Defendants.        :
                                           :
- - - - - - - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTIONS FOR A BILL OF PARTICULARS

### PRELIMINARY STATEMENT

The United States of America respectfully submits this memorandum of law in opposition to defendants Andrew Bartok's and Kathleen Addario's motion for a bill of particulars pursuant to Fed. R. Crim. P. 7(f).

Defendants' request for a bill of particulars should be denied because there is no basis for a bill of particulars. The defendants already have sufficient information about the nature of the charges to permit them to prepare a defense.

## BACKGROUND

A.  Offense Conduct

As set forth more fully in paragraphs 5 through 30 and 32 through 42 of the Superseding Indictment filed on January 31, 2011, Counts One, Three and Four charge the defendants with conspiring to commit, among other crimes, bankruptcy fraud, mail fraud, wire fraud and obstruction of justice.[1]

At trial, the Government expects the evidence to show that the defendants, who solicited business through mailings to individuals facing foreclosure proceedings, defrauded individuals by falsely informing them that they did not have to make their mortgage payments and then preparing and filing fraudulent Chapter 13 bankruptcy petitions on their behalf.  Typically, after an individual paid a large upfront fee and agreed to pay a monthly retainer, the defendants would file a Chapter 13 bankruptcy petition containing false information about the individual's assets and liabilities.

The Government further expects that the evidence will show that the defendants sought to prolong an individual's bankruptcy case as long as possible in order to obtain as much money as possible prior to the United States Bankruptcy Court

---

[1] As stated in paragraphs 32 and 36, the allegations contained in paragraphs 1 through 21 and 30 (overt acts) are repeated, realleged and incorporated by reference in Count Three (conspiracy to commit mail and wire fraud) and Count Four (conspiracy to obstruct justice).

dismissing the individual's bankruptcy petition. To accomplish this, the defendants used a variety of means and methods, including (1) instructing debtors not to attend mandatory Section 341 meetings and other United States bankruptcy court proceedings; (2) mailing letters to the United States Trustee fraudulently claiming to be from debtors and containing false excuses as to why the debtors could not attend previously scheduled meetings before the Chapter Thirteen Standing Trustee; and (3) submitting substantive motions seeking relief from the United States Bankruptcy Court that falsely purported to be signed by the debtors.

Count Two charges Bartok with making false statements in a motion submitted to United States Bankruptcy Judge Cecelia Morris in connection with Debtor 1's bankruptcy case. Count Five charges Bartok and Addario with failing to produce documents concerning Debtor 1's bankruptcy case at a July 21, 2006 examination at the United States Trustee's Office.

B.  **Post Indictment Discovery**

Previously, the Government has provided the defendants with approximately 30,000 bates-stamped items.[2] In order to aid the defendants in their review of the discovery, documents have been provided in electronic format. Recently, the Government

---

[2] There are also approximately 28 boxes of materials that were taken by the United States Postal Inspection Service during the search of Revelations' offices on March 16, 2010.

3

provided the defendants with a five page index that specifies the discovery that has been produced.

## ARGUMENT

Defendants contend that they are seeking a bill of particulars on "certain limited issues," (Bartok Mem. at 1), and then together proceed to submit approximately 166 paragraphs (with added sub paragraphs) of questions. Defendants' requests for a bill of particulars should be denied.

It is well established that the proper scope and function of a bill of particulars is to provide sufficient information about the nature of the charge to enable a defendant to prepare for trial, to avoid unfair surprise, and to preclude a second prosecution for the same offense. Fed. R. Crim. P. 7(f); United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars should be required only where the charges of the Indictment are so general that they do not advise the defendant of the specific acts of which he is accused." Torres, 901 F.2d at 234 (internal quotation marks omitted).

If the information the defendant seeks "is provided in the indictment or in some acceptable alternate form," such as discovery, no bill of particulars is required. Bortnovsky, 820 F.2d at 574; United States v. Morales, 280 F. Supp. 2d 262, 274 (S.D.N.Y. 2003)

4

"The Government is not required to disclose the manner in which it will attempt to prove the charges, nor the means by which the crimes charged were committed, [therefore] 'the Government is not required to provide information that would, in effect, give the defendant a preview of the Government's case before trial.'" United States v. Triana-Mateus, No. 98 Cr. 958 (SWK), 2002 WL 562649, at *5 (S.D.N.Y. Apr. 15, 2002) at *5 (quoting United States v. Conley, No. 00 Cr. 0816 (DAB), 2002 WL 252766, at *4 (S.D.N.Y. Feb. 21, 2002)).

"It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case." United States v. Payden, 613 F. Supp. 800, 816 (S.D.N.Y. 1985). Supplying evidentiary detail is not the function of the bill of particulars. See Torres, 901 F.2d at 234. "[A] bill of particulars is not a general investigative tool, a discovery device, or a means to compel the government to disclose evidence or witnesses to be offered prior to trial." Gibson, 2001 WL 460935, at *6; United States v. Strawberry, 892 F. Supp. 519, 526 (S.D.N.Y. 1995).

Under the relevant legal standard, the Government is not required to (a) "particularize all of its evidence," United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991); (b) disclose

the precise manner in which the crimes charged in the Indictment were committed, see Torres, 901 F.2d at 233-34 (demands for "whens" and "wheres" and "by whoms" within charged conspiracy are improper attempts at general pretrial discovery); or (c) provide the defendant with a preview of the Government's case or legal theory. United States v. Muyet, 945 F. Supp. 586, 598-599 (S.D.N.Y. 1996). The ultimate test is whether the information sought is necessary, not whether it is helpful. See United States v. Trippe, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001); Conley, 2002 WL 252766, at *4.

In this case, there is no danger that the defendants will suffer from unfair surprise at trial. The defendants cannot claim that they do not realize what this case is about; the Complaint, Indictment and discovery clearly set forth that the Government will attempt to establish at trial that the defendants defrauded their clients by providing false information to clients about bankruptcy procedures and then prepared and filed bankruptcy petitions containing fraudulent information. The defendants continued their fraud and committed obstruction of justice by mailing fraudulent "excuse" letters – purporting to be from the debtors – to the United States Trustee while continuing to charge their clients a monthly fee and instructing their clients not to attend mandatory court proceedings.

6

In addition, the Government has gone beyond its obligations and produced much of the discovery in an electronic form with an index that identifies the discovery that has been produced.

Additionally, the charges are pled with specificity. The Indictment sets forth in detail the schemes to defraud and obstruct justice. Further, the Indictment identifies fifty-five overt acts committed in furtherance of the conspiracies and sets forth transactions concerning seven individuals. In discovery, the defendants have been provided with a detailed Complaint which sets forth conversations and transactions concerning Debtors 1 through 4.[3]

Despite the detailed allegations and the extensive discovery provided by the Government, the defendants set forth approximately 166 paragraphs of requests. Their requests for a bill of particulars is a transparent attempt to obtain a detailed outline of the Government's proof at trial – the "wheres, whens, and by whoms" – and it is well-settled that they are not entitled to any such preview. Taken together, the materials already provided give the defendants ample opportunity to prepare their defense and leave no possibility of unfair surprise.

---

[3] In or about October 2010, during a telephone conversation with Bartok's defense counsel, Peter W. Till, Esq., the Government provided counsel with the names of Debtors 1, 2, 3 and 4.

Accordingly, the defendants' requests to obtain unauthorized discovery through a bill of particulars should be denied.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny the defendants' motions.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
John P. Collins, Jr.
Assistant United States Attorney
Telephone: (914) 993-1919

Dated:   White Plains, New York
         February 23, 2011

8

Certificate of Service
Filed Electronically

The undersigned attorney, duly admitted to practice before this Court, hereby certifies that on the below date, he served or caused to be served the following document(s) in the manner indicated:

**Memorandum of Law of the United States of America in Opposition to Defendants' Motions for a Bill of Particulars**

Service via Clerk's Notice of Electronic Filing upon the following attorneys, who are Filing Users in this case:

Peter W. Till, Esq.
Steven D. Altman, Esq.
Domenick Porco, Esq.

Service via e-mail upon the following attorneys who are not Filing Users in this case and who have previously given their written consent to service via e-mail:

N/A

Service via overnight courier; U.S. Mail; etc. upon the following attorneys who are not Filing Users in this case

N/A

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
John P. Collins, Jr.
Assistant United States Attorney
Telephone: (914) 993-1919

Dated:    White Plains, New York
          February 23, 2011